IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PAMELA E. FAGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:25-cv-00538 |
| ) | |
| LOCKHEED MARTIN CORPORATION, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT LOCKHEED MARTIN CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY**

Defendant Lockheed Martin Corporation ("LMCO"), through counsel, respectfully submits this Memorandum of Law in support of its Motion to Compel Discovery on Pamela E. Fagan pursuant to Federal Rule of Civil Procedure 37 and Rule 37 of the Local Rules of Civil Procedure. In support of this motion, Defendant states as follows:

**FACTS**

On August 28, 2025, this Court approved the parties' Revised Proposed Joint Discovery Plan. ECF No. 26 at 2. In their plan, the parties agreed that service of discovery may be made by e-mail. *See* ECF No. 21 at 4.

On September 23, 2025, LMCO served its First Set of Interrogatories and Requests for Production on Fagan by email on her counsel. *See* Exhibit A. On October 9, Plaintiff served her objections to the discovery requests.[1] Substantive responses were due by October 22. *See* ECF No. 21 at 2.

Also on October 9, this Court scheduled a settlement conference to be held on October 28,

---
[1] Fagan's objections solely related to the scope of LMCO's request for medical information and social media postings.

2025. *See* ECF minute entry dated Oct. 9, 2025. Shortly thereafter, LMCO agreed by telephone to extend Plaintiff's response deadline in light of the settlement conference.

The Parties failed to reach a final resolution at the settlement conference. On November 3, 2025, undersigned counsel stressed the need to resume discovery efforts if an agreement was not reached, requesting Fagan's responses to the outstanding discovery by the end of the week. *See* Nov. 3, 2025 Email, attached as Exhibit B. In a phone conversation on November 4, 2025, Fagan's counsel advised that Fagan requested until November 17 or 18 to respond to the discovery.

On November 19, undersigned counsel again contacted Fagan's counsel regarding outstanding discovery and advised of its intent to file the instant Motion to Compel absent production or some indication of when responses would be provided. *See* Nov. 19, 2025 Email, attached as Exhibit C.

Counsel for LMCO and Fagan spoke by telephone on November 21, 2025. Fagan's counsel informed undersigned counsel that Fagan was ill and had not yet completed her responses to LMCO's discovery requests. Fagan's counsel asked LMCO to agree to an extension of the deadlines for discovery. Undersigned counsel stated that LMCO would not oppose an extension but would leave the decision to the court's discretion. Because an extension was not guaranteed, undersigned counsel advised that they were still filing the instant motion.

## STANDARD OF REVIEW

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). This includes failure to respond to an interrogatory or request for production. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

## ARGUMENT

Despite the requirements of the Federal Rules of Civil Procedure, the Local Rules, multiple emails from opposing counsel, and phone conversations, Plaintiff has – as of the date of this filing

2

– not provided any written responses to Defendant's Requests for Production or Interrogatories, not provided any documents, nor has she advised when she will provide discovery. This is a fundamental failure to meet Plaintiff's discovery obligations.

LMCO accommodated reasonable requests to extend Plaintiff's response time and avoid unnecessary time and expense, but Plaintiff's failure to respond is no longer reasonable with the currently pending deadlines. Discovery currently closes on December 12, 2025. ECF No. 26 at 1. While LMCO will not oppose Plaintiff's motion for an extension, ECF No. 39, it still needs Plaintiff's responses to its discovery requests and must protect its rights to the discovery it is entitled to under the Federal and Local Rules of Civil Procedure, particularly if this Court were to deny Plaintiff's motion for an extension.

This Court may compel discovery from a party who has failed to answer interrogatories or failed to respond to document requests. Fed. R. Civ. P. 37(a). Absent Plaintiff's participation in discovery, LMCO faces an undue burden in its ability to defend itself against Plaintiff's claims. In order to properly prepare for trial and likely dispositive motions, Plaintiff must participate in the discovery process prior to the close of discovery.

## **RELIEF SOUGHT**

Accordingly, LMCO respectfully requests that this Court order that:

1. Plaintiff be compelled to respond to Defendant's Interrogatories and Requests for Production in a manner that ensures receipt by Defendant's counsel within two business days of this Court's order compelling Plaintiff to respond to Defendant's discovery requests;

2. Plaintiff be prohibited from offering any evidence in this case, at summary judgment, at trial or otherwise, that was requested by Defendant in its written discovery requests but not produced to Defendant as required by this Court's order;

3. All Plaintiff's allegations in her Amended Complaint, including allegations relating to damages, that rely on information requested and not provided in discovery as required by this Court's order shall be stricken from the Amended Complaint;

4. All defenses set forth in Defendant's Answer that rely on information requested but not provided in discovery as required by this Court's order shall be deemed admitted by Plaintiff;

5. Any further noncompliance with court rules, including discovery rules, by Plaintiff may result in a dismissal of the Amended Complaint with prejudice; and

6. Any other relief that this Court deems just and proper.

THEREFORE, Defendant respectfully requests that this Court GRANT its Motion to Compel and compel Plaintiff to provide discovery responses.

Dated: November 21, 2025　　　　　　　　Respectfully submitted,

**JACKSON LEWIS P.C.**

 /s/ *Timothy J. Gorde, Jr.*
Timothy J. Gorde, Jr. (VSB No. 85929)
701 E. Byrd St., 17th Floor
P.O. Box 85068
Richmond, VA 23285
Tel: (804) 649-0404
Fax: (804) 649-0403
Email: Tim.Gorde@jacksonlewis.com

Bernard G. Dennis, III (VSB No. 95199)
11790 Sunrise Valley Drive, Suite 400
Reston, VA 20191
Tel: (703) 483-8378
Fax: (703) 483-8301
Email: Bernard.Dennis@jacksonlewis.com

*Attorneys for Defendant*
*Lockheed Martin Corporation*

**CERTIFICATE OF SERVICE**

  I certify that on the 21st day of November, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve the following:

Scott G. Crowley<br>
Crowley & Crowley, P.C.<br>
4870 Sadler Road, Suite 300<br>
Glen Allen, VA 23060<br>
Tel: (804) 205-5010<br>
Fax: (804) 800-4243<br>
Email: scrowley@crowleyandcrowley.com

*Attorney for Plaintiff*

/s/ *Timothy J. Gorde, Jr.*_____
Timothy J. Gorde, Jr. (VSB No. 85929)
701 E. Byrd St., 17th Floor
P.O. Box 85068
Richmond, VA 23285
Tel: (804) 649-0404
Fax: (804) 649-0403
Email: Tim.Gorde@jacksonlewis.com

*Attorney for Defendant*