**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| PAMELA E. FAGAN, | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | **CIVIL ACTION NO. 1:25-cv-00538** |
| | **)** | |
| LOCKHEED MARTIN CORPORATION, | **)** | |
| | **)** | |
| | **)** | |
| Defendant. | **)** | |

### DEFENDANT LOCKHEED MARTIN CORPORATION'S
### MEMORANDUM IN SUPPORT OF ITS MOTION FOR SANCTIONS AND DISMISSAL

Pursuant to Federal Rules of Civil Procedure 37 and Rule 37 of the Local Rules of Civil Procedure, Defendant Lockheed Martin Corporation ("LMCO"), through counsel, respectfully submits this Memorandum of Law in support of its Motion for Sanctions and Dismissal against Plaintiff Pamela E. Fagan.

LMCO is entitled to dismissal of this lawsuit, as well as its attorney's fees, due to the prejudice and unnecessary costs and delays it has incurred as a result of Plaintiff's improper conduct; conduct consisting of Plaintiff's refusal to respond to discovery prior to a motion to compel, repeatedly agreeing to settle this case only to refuse to sign negotiated agreements further delaying discovery, wasting LMCO's and this Court's resources by agreeing on the record to settle this case for a sum certain and under specific conditions only to again refuse to sign the settlement agreement under the same terms, and most recently refusing to appear for her deposition in utter disregard of this Court's order and admonitions that failing to submit to discovery could result in dismissal. Dismissal is warranted as Plaintiff has done nothing to demonstrate that she will comply with future deadlines rather than continue to manipulate this Court to LMCO's detriment.

## PRELIMINARY STATEMENT

In advance of a scheduled settlement conference, LMCO agreed to extend the time for Fagan to respond to its discovery requests. Twice, Fagan accepted LMCO's offer to settle the case; twice, Fagan reneged on the parties' negotiated agreement. Having believed a settlement had been reached, LMCO repeatedly extended Fagan's time to respond to discovery, including for her to appear for her deposition. After refusing to resolve this matter, Fagan also chose not to respond to discovery, requiring LMCO to move to compel her responses.

Facing the Court's questioning about her discovery failures, Fagan offered, in open court, to settle this matter for a sum certain and specific conditions. LMCO agreed to Fagan's conditions and accepted the offer only to have Fagan again disclaim any agreement on the day discovery closed.

This Court extended discovery for the sole purpose of Fagan appearing for her deposition and curing her discovery deficiencies, warning that failure to do so would subject her to sanctions, including dismissal of her case. After permitting her attorney to withdraw, the Court further warned Fagan her lack of counsel did excuse her appearance for her deposition nor alleviate her of her discovery burdens. In complete disregard of the Court's Order and warnings, on December 23, 2025, Fagan refused to appear for her deposition.

As this Court warned, Fagan is subject to sanctions under Rule 37(b)(2). Based on her conduct and disregard of the Court, dismissal is the only appropriate sanction.

## FACTS

On August 28, 2025, this Court approved the parties' Revised Proposed Joint Discovery Plan. ECF 26. The Parties agreed that service of discovery may be made by e-mail. *See* ECF 21 at 4. Discovery was scheduled to close on December 12, 2025. *Id.* at 1; ECF 26.

On September 23, 2025, LMCO served Fagan with interrogatories and document requests. *See* Exhibit A. Substantive responses were due by October 22. *See* ECF 21 at 2. LMCO agreed to extend Fagan's deadline to respond due to the scheduled October 28 settlement conference set by the Court. *See* ECF minute entry dated Oct. 9, 2025.

Plaintiff appeared in person for the approximately seven-hour settlement conference. *See* ECF minute entry dated Oct. 28, 2025. Fagan refused to sign the final term sheet negotiated by her attorney and LMCO counsel. Having refused to resolve the matter, Fagan also refused to respond to LMCO's discovery requests. On November 21, 2025, LMCO moved to compel her responses. *See* ECF 41 & 42.

Also on November 21, Fagan filed a Motion for Extension of Discovery Period and to Continue the Final Pretrial Conference. *See* ECF 39. On December 4, 2025, the evening of the hearing on the motions and eight days before the close of discovery, Fagan provided incomplete discovery responses. *See* Exhibit B.

In addition to her deficient responses, Fagan produced a mere 199 pages of documents despite clear references in correspondence to many more pages responsive to LMCO's requests:

> Attached herewith may you please find the Virginia Hospital Center itemized billing statement for my hospitalization stay from March 17 - 31, 2025 totaling $108,373.56. (excluding rehabilitation and home health care services). Please note this itemized billing statement correspondences to the 366-page hospital file sent to you on Tuesday November 4, 2025, to satisfy defense counsel demands.

Exhibit C at 1.[1] Additionally, Fagan has refused to produce other documents in her possession:

> To confirm what I just told you over the phone, you are required by court rules to provide the defendant with documents in your possession that LMCO has requested, including medical records from at least the date of your hire. (I have objected to their request for 10 years of past medical records.)
>
> I cannot and will not be put in a position of violating the court rules, or informing the defendant and the court that you do not have medical records that I know you have.

---

[1] This is the only recent hospitalization that LMCO is aware of.

*Id.* at 2.[2] Rather than comply with her discovery obligation, Fagan has taken the position that LMCO must hunt for documents from other sources:

> YOU ARE NOT AUTHROIZED TO SEND MY VIRGINIA HOSPITAL MEDICAL FILE OVER TO LOCKHEED MARTIN NOR ANY OF THEIR THIRD PARTY LAWYERS. I will email you a list of doctors shortly, SO THEY CAN GO DIGGING FOR INFORMATION.

*Id.* at 2.

Fagan has failed to produce several other categories of documents:

- All emails sent to or from pamela.fagan@yahoo.com relating to her employment at LMCO and the allegations of this case.

- Federal tax returns, including any 1099s and W-2s from 2022 to the present.

- Documents reflecting long-term disability benefits she has received since 2024.

- Documents evidencing any communications with current or former LMCO employees regarding her lawsuit or accommodations requests.

- Documents relating to or evidencing any communications with third parties regarding her employment with LMCO.

- Other documents related to her medical conditions, treatments, medications, and expenses.

*See* Exhibit B.

Fagan's interrogatory answers are also deficient. She did not provide complete responses regarding income and mitigation efforts, nor did she identify all medical providers, her medical conditions, and all medications, including when she received such treatment and medications. *See id.* Even the responses provided were not verified by Fagan as required by the Rules.[3] *See id.*

---

[2] LMCO alerted this Court at the hearing on December 19, 2025, that Fagan sent undersigned counsel privileged communications, and this Court indicated that such privilege has been waived. *See Hawkins v. Stables*, 148 F.3d 379, 384 n.4 (4th Cir. 1998) (recognizing a party waives a privilege by disclosing a "confidential communication to any individual who is not embraced by the privilege"). Undersigned counsel previously notified Fagan's former counsel of Fagan's disclosure of privileged information.

[3] Fagan filed signed copies of her deficient responses on December 23, 2025. ECF 62.

At the December 5 hearing, this Court expressed alarm at Fagan's failure to participate in the discovery process.[4] This Court indicated skepticism for Fagan's extension request. However, the Court helped negotiate a compromise: Fagan offered on the record to settle for $175,000, and undersigned counsel agreed to recommend LMCO accept. In light of the agreement, this Court denied the parties' motions as moot and cancelled the Final Pretrial Conference. *See* ECF 48-49.

On December 12, 2025 – the day discovery closed – Fagan filed a Notice of Settlement Refusal. ECF 50. LMCO then filed a Motion to Enforce Settlement. ECF 51.

On December 19, 2025, this Court held a hearing on LMCO's Motion to Enforce. ECF 53. In articulating its rationale for denying LMCO's Motion, this Court emphasized that Fagan received substantial benefit by representing she would settle the case in the form of this Court not ruling on LMCO's Motion to Compel. This Court ordered the parties to complete Fagan's deposition by December 23, 2025. ECF 58. This Court further explained that Fagan's attendance at a seven-hour settlement conference belied any claim that her prior illness prevented her from participating in the discovery process.[5]

At the conclusion of the hearing, prior to leaving the courthouse, the parties agreed to conduct Fagan's deposition on December 23. LMCO emailed counsel a Notice of Deposition for Plaintiff for December 23 to be held at counsel's office in Reston, Virginia as discussed.[6] In its Order, this Court warned Fagan "that her refusal to provide full and accurate responses during her deposition may result in sanctions, including dismissal of this civil action." ECF 58 at 1 n.1.

Fagan's counsel subsequently moved to withdraw as counsel. ECF 55. He informed the

---

[4] LMCO attempted to order the transcripts of the hearings in this matter prior to filing the instant motion but received an out-of-office notification from the court reporter. LMCO will promptly order and plans to submit the transcripts with its Reply.

[5] *See* fn. 4, *supra*.

[6] Counsel's office is approximately 20 miles from Fagan's residence in Arlington, Virginia.

court that Fagan's communications "have been repeatedly caustic, abusive, profane, disrespectful and accusatory." ECF 56 at 2. This Court granted counsel's Motion. ECF 57. The Court's Order again warned Fagan, "lack of counsel will not excuse her from appearing for her deposition or from filing complete discovery responses." *Id.* at 1.

On December 21, 2025, undersigned counsel received an email from Fagan requesting her deposition be held "via videocall." Exhibit D. The next day, undersigned counsel informed Fagan that her deposition would be held in person. *See* Exhibit E. Counsel also provided Fagan a copy of the deposition notice and a discovery deficiency letter. *Id.*

At 5:00 p.m. on December 22, Fagan emailed counsel that she was not available for her deposition. *See* Exhibit F. On December 23, 2025, Fagan failed to appear for her noted deposition.[7]

## <u>STANDARD OF REVIEW</u>

If a party fails to comply with a discovery order, a court may impose sanctions against the noncomplying party. Fed. R. Civ. P. 37(b)(2). The available sanctions include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Additionally, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified . . . ." Fed. R. Civ. P. 37(b)(2)(C); *see also* Fed. R. Civ. P. 37(a)(5)(A).

The Fourth Circuit has instructed courts to consider four factors before dismissing a case as a sanction for discovery violations:

> "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice h[er] noncompliance caused h[er] adversary; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions."

---

[7] Fagan sent counsel a copy of a motion to continue discovery on December 22 after announcing her refusal to attend her deposition, which she filed on December 23. ECF 60. Fagan's motion requests an extension on the very basis this Court said one would not be provided – her lack of counsel. *Id.*

*Horsley v. KBP Invs.*, No. 22-2185, 2024 U.S. App. LEXIS 15663, at *3 (4th Cir. June 27, 2024) (quoting *Mey v. Phillips*, 71 F.4th 203, 218 (4th Cir. 2023)). A court must also notify the noncomplying party "of the drastic consequences of failing to meet the court's conditions at the time the conditions are imposed, when [s]he still has the opportunity to satisfy the conditions and avoid the sanction." *Id.* (cleaned up).

## ARGUMENT

### A. Dismissal is the appropriate sanction based on Fagan's conduct

This Court should dismiss Fagan's action for violating the Court's orders to attend her deposition and provide complete discovery responses and her repeated refusal to adhere to the Court's procedural rules.

Fagan's conduct in discovery demonstrates bad faith. "In this circuit, bad faith includes willful conduct, where the party clearly should have understood h[er] duty to the court but nonetheless deliberately disregarded it." *Stewart v. VCU Health Sys. Auth.*, No. 3:09-cv-00738, 2011 U.S. Dist. LEXIS 153154, at *21 (E.D. Va. Nov. 22, 2011) (internal quotation marks omitted). This Court clearly explained to Fagan that she was required to sit for her deposition on December 23 and provide complete responses to LMCO's discovery requests. *See* ECF 57-58; *Meade v. Turman Grp. Tye River LLC*, No. 6:15-cv-00042, 2016 U.S. Dist. LEXIS 138495, at *3-4 (W.D. Va. Oct. 5, 2016) (finding plaintiff acted in bad faith when he "failed to cooperate despite [the magistrate judge] explaining Plaintiff's duty to participate in discovery"). Moreover, Fagan was aware of her obligation to produce all responsive documents in her possession. *See* Ex. C. Fagan's only excuse for her nonparticipation is her illness, which this Court explained was not a valid excuse for Fagan to choose the manner in which she participates in this proceeding. *See Hall v. Arlington Cnty.*, No. 1:13-cv-00656, 2014 U.S. Dist. LEXIS 152514, at *9-10 (E.D. Va. Mar.

14, 2014) (finding bad faith where "[p]laintiff has been made aware of the court's deadlines and orders but has provided the same refrain of explanations for his noncompliance").

Second, Fagan's conduct has prejudiced LMCO. "[T]he Fourth Circuit has explained that sufficient prejudice results when the adversary's noncompliance hinders the moving party's ability to get basic and responsive information needed to defend against the claims." *Id.* at \*10. Fagan's intransigence in producing medical and financial information prejudices LMCO's ability to defend itself in this action. The further prejudice caused by Fagan's failure to "produce herself for deposition is great, essentially preventing [LMCO] from putting on any meaningful defense as to plaintiff's claims." *Rosemond v. United Airlines, Inc.*, No. 1:14-cv-00350, 2014 U.S. Dist. LEXIS 120373, at \*18 (E.D. Va. Aug. 7, 2014). Fagan's conduct has caused LMCO to engage in costly motion practice and fees to prepare for a deposition she chose not to attend at the last minute despite Court order to do so. *See Taylor v. Fresh Fields Mkts.*, Civil Action No. 94-0055-C, 1996 U.S. Dist. LEXIS 10051, at \*7 (W.D. Va. June 27, 1996) (finding "incurring unnecessary expenses" caused defendant prejudice).

Third, this Court must deter parties from engaging in such blatant disregard of discovery obligations and Court orders. "There is a significant need to deter parties from unilaterally deciding not to attend a properly scheduled deposition." *Jones v. Campbell Univ.*, No. 21-1921, 2023 U.S. App. LEXIS 97, at \*2 (4th Cir. Jan. 4, 2023); *see also Fed. Home Loan Mortg. Corp. v. Prudhomme*, No. 1:20-cv-00125, 2021 U.S. Dist. LEXIS 258152, at \*5 (E.D. Va. May 27, 2021) ("[F]ailure to abide by a Court order is behavior that needs to be deterred."). Fagan's pro se status does not excuse her failures. *See Silvious v. RR Donnelley & Sons*, No. 5:10-cv-00116, 2011 U.S. Dist. LEXIS 96920, at \*7 (W.D. Va. Aug. 29, 2011) ("While *pro se* litigants are entitled to some deference from courts, they are subject to the same time requirements and respect for court orders

8

as other litigants, without which effective judicial administration would be impossible.").

Finally, less drastic sanctions would not be effective. This Court previously warned Fagan of the risk of dismissal should she not participate in the discovery process. Fagan's conduct in the face of prior motions was to misrepresent her willingness to settle to this Court to inure the benefit of further delay. Her conduct has already delayed the trial in the matter. *See Power Home Solar, LLC v. Sigora Solar, LLC*, 339 F.R.D. 64, 90 (W.D. Va. 2021) (finding less drastic sanctions than dismissal would not be effective because plaintiff's "discovery failures have already caused unreasonable delay and prompted the Court to delay the evidentiary hearing on this matter indefinitely"). In refusing to appear for her deposition, Fagan chose to ignore this Court's Order and warning of potential dismissal—making clear that nothing short of dismissal will be effective. *See United States v. Wright*, No. 97-2031, 1999 U.S. App. LEXIS 16769, at *13 (4th Cir. July 19, 1999) (affirming default judgment as sanction when defendant failed to attend rescheduled deposition and court "had specifically warned [defendant] that failure to attend the rescheduled deposition would result in the entry of default judgment against him"). Therefore, this Court should dismiss this case with prejudice.

### B. <u>Monetary Sanctions are Mandatory</u>

The Court should also order Fagan to pay the reasonable expenses LMCO incurred in preparing its original Motion to Compel, for the cancelled deposition, and the instant motion, including attorney's fees under Rules 37(a)(5) and 37(d)(3). Fagan only produced documents and discovery responses *after* LMCO filed its Motion to Compel. "[E]ven in cases where the non-complying party does not act in bad faith, Rule 37(a) mandates an award of attorney's fees and costs associated with a motion to compel where discoverable material is produced after the motion, and the non-producing parties conduct was not substantially justified. . . ." *Federico v. Lincoln*

*Military Hous., LLC*, No. 2:12-cv-00080, 2014 U.S. Dist. LEXIS 178943, at *59 (E.D. Va. Dec. 31, 2014). Fagan continues to withhold documents without any justification. *See* Ex. C.

<u>**RELIEF SOUGHT**</u>

THEREFORE, Defendant respectfully requests that this Court GRANT its Motion for Sanctions, dismiss this case with prejudice, and award its reasonable attorney's fees and costs.

Dated: December 23, 2025        Respectfully submitted,

**JACKSON LEWIS P.C.**

/s/ *Timothy J. Gorde, Jr.*
Timothy J. Gorde, Jr. (VSB No. 85929)
701 E. Byrd St., 17th Floor
P.O. Box 85068
Richmond, VA 23285
Tel: (804) 649-0404
Fax: (804) 649-0403
Email: Tim.Gorde@jacksonlewis.com

Bernard G. Dennis, III (VSB No. 95199)
11790 Sunrise Valley Drive, Suite 400
Reston, VA 20191
Tel: (703) 483-8378
Fax: (703) 483-8301
Email: Bernard.Dennis@jacksonlewis.com

*Attorneys for Defendant*
*Lockheed Martin Corporation*

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of December, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served *pro se* Plaintiff by email and first-class mail at:

Pamela Fagan
401 12th Street South
Apartment 2116
Arlington, VA 22202
Pamela.fagan@yahoo.com

/s/ *Timothy J. Gorde, Jr.*
Timothy J. Gorde, Jr. (VSB No. 85929)
701 E. Byrd St., 17th Floor
P.O. Box 85068
Richmond, VA 23285
Tel: (804) 649-0404
Fax: (804) 649-0403
Email: Tim.Gorde@jacksonlewis.com

*Attorney for Defendant*