IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

PAMELA FAGAN,                          )
                                       )
                Plaintiff,             )
                                       )
v.                                     )        CIVIL ACTION NO. 1:25-cv-00538
                                       )
LOCKHEED MARTIN CORPORATION,           )
                                       )
                                       )
                Defendant.             )
_____        )

## PLAINTIFF'S MOTION FOR AN AWARD OF REASONABLE ATTORNEY'S FEES AND COSTS AS THE PREVAILING PARTY PURSUANT TO 42 U.S.C. § 12205 AND VA. CODE § 2.2-3908

Plaintiff Pamela. Fagan, *pro se*, respectfully moves this Court, pursuant to 42 U.S.C. § 12205 of the Americans with Disabilities Act of 1990 (ADA), Va. Code § 2.2-3908 of the Virginia Human Rights Act (VHRA), and Fed. R. Civ. P. 54(d)(2), for an award of reasonable attorney's fees and costs incurred in this action including the consultation process and associated fees in an effort to obtain new legal counsel. To date, plaintiff, Pamela E. Fagan has been unable to obtain and retain legal counsel and therefore acts as "pro se"

## I.   INTRODUCTION AND PROCEDURAL BACKGROUND

This action alleges disability discrimination, failure to accommodate, retaliation under the ADA and VHRA, and other related claims. The parties executed a Settlement Agreement and General Release under which Defendant agreed to pay Plaintiff a total gross sum of $175,000 (plus 358 hours of accrued paid time off), and the parties have yet to finalize a Joint Stipulation of Voluntary Dismissal.

Plaintiff achieved relief on the merits of her core disability and retaliation claims, including

a monetary payment of less than 2 years of her equivalent annual salary of $116,000 per year, plus benefits and paid time off. This qualifies her as a prevailing party entitled to reasonable attorney's fees and costs under the applicable fee-shifting statutes.

Plaintiff is currently without any source of income, as she was forced to resign from her position at Lockheed Martin as part of the settlement after being on medical leave of absence since July 01, 2023 while then informed by a Lockheed Martin Employee Service Center letter dated January 11, 2024 stating that plaintiff's employment had been terminated. Plaintiff is no longer receiving monthly disability benefits, and this has further placed Plaintiff in additional significant financial hardship, underscoring the need for an award of fees and costs to make her whole as a prevailing party in this civil rights action.

Plaintiff did not want to settle at $175,000 without Defendant also paying for legal fees and associated costs, as such an award is authorized under the applicable fee-shifting statutes to ensure access to justice in discrimination cases.

## II.    LEGAL STANDARD

The ADA provides that "[i]n any action or administrative proceeding commenced pursuant to this chapter, the court may allow the prevailing party Pamela Fagan a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. The VHRA similarly authorizes a court to award reasonable attorney fees and costs to a prevailing plaintiff. Va. Code § 2.2-3908(B).

Virginia generally follows the "American Rule," under which each party bears its own attorney's fees absent a statutory or contractual exception. However, clear statutory exceptions apply here: the ADA's federal fee-shifting provision (42 U.S.C. § 12205) and the VHRA's state provision (Va. Code § 2.2-3908) expressly authorize awards to prevailing plaintiffs in discrimination and retaliation cases like this one. These exceptions override the default American

Rule to promote enforcement of civil rights protections.

A plaintiff prevails when she obtains "some relief on the merits of [her] claim" that "materially alters the legal relationship between the parties." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). A monetary settlement that provides relief satisfies this standard.

## III.    PLAINTIFF IS THE PREVAILING PARTY

Plaintiff obtained a $175,000 gross settlement to be paid (allocated between wage and non-wage damages) plus payment for 358 hours of accrued paid time off. This constitutes relief on the disability discrimination and retaliation claims that remained pending after the Court dismissed the age claims with prejudice on September 26, 2025. The settlement materially altered the legal relationship between the parties by requiring Defendant to pay a $175,000 sum to resolve Plaintiff's claims. Plaintiff is therefore the prevailing party.

## IV.    THE REQUESTED FEES AND COSTS ARE REASONABLE

Plaintiff was represented by counsel (Scott G. Crowley of Crowley and Crowley, P.C). from approximately June 2024 until counsel's voluntary withdrawal on or about December 19, 2025. Since Mr. Crowley voluntarily withdrew, Plaintiff has been diligently searching and consulting with other potential legal counsel including Mr. Scott S. Ives of The Law Offices of Scott S. Ives among others including The Spiggle Law Firm and has incurred significant legal search costs. The retainer agreement and work performed in filing the Complaint (March 27, 2025), responding to motions, conducting partial alleged discovery, and Plaintiff's diligent search efforts to obtain new legal counsel and pending resolution justify a reasonable fee award for legal services.

Because Plaintiff has not yet received a detailed itemized billing statement from prior counsel, Mr. Scott G. Crowley, Plaintiff respectfully requests that the Court:

    i.     Order prior counsel to produce billing records within 14 days; or

    ii.    Set this motion for an evidentiary hearing to determine the reasonable hours expended and applicable hourly rates using the lodestar method (*Hensley v. Eckerhart*, 461 U.S. 424 (1983)); and

    iii.   Award costs incurred in this litigation.

Plaintiff reserves the right to supplement this motion with a detailed fee petition once records are obtained or at the Court's direction. A reasonable lodestar calculation, cross-checked against the results obtained, supports an award in the range of one-third of the common-fund equivalent or the full statutory fees incurred.

## V.    CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court:

    i.     Grant this Motion and award Plaintiff reasonable attorney's fees and costs as the prevailing party to alleviate the severe financial hardship caused by the lack of income and forced resignation and continued poor health and disability conditions.

    ii.    Order production of billing records from prior counsel or schedule an evidentiary hearing; and

    iii.   Grant such other and further relief as the Court deems just and proper.

Dated: February 19, 2026

Respectfully submitted,

Pamela E. Fagan
401 12th Street South, Apartment 2116
Arlington, VA 22202
Tel: (310) 272-6395
Email: Pamela.fagan@yahoo.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
_Alexandria_ DIVISION

_Pamala E, Hagan_

Plaintiff(s),

v.

Civil Action Number: _1:25-cv-00538_

_Lockheed Martin_

Defendant(s),

## LOCAL RULE 83.1 (N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of _Motion for_ .
(Title of Document) _Reasonable Attorney Fees_

_Pamala E, Hagan_

Name of _Pro Se_ Party (Print or Type)

_Pamala E. Hagan_

Signature of _Pro Se_ Party

Executed on: _19th_ (Date) _February 2026_

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of _Pro Se_ Party (Print or Type)

_____
Signature of _Pro Se_ Party

Executed on _____ (Date)