

FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

2026 MAR 30  A 10: 41

|  |  |
|---|---|
| PAMELA E. FAGAN,<br><br>                              *Plaintiff*<br><br>vs.<br><br>LOCKHEED MARTIN CORPORATION,<br><br>                              *Defendant* | Case No. 1:25-cv-00538-LMB-IDD<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiff Pamela E. Fagan, proceeding *pro se*, respectfully moves this Court pursuant to its inherent authority and Fed. R. Civ. P. 70 to enforce the parties' Settlement Agreement and General Release dated February 3/4, 2026 (the "Settlement Agreement").

## I.    INTRODUCTION

Lockheed Martin Corporation ("LMCO") has materially breached the Settlement Agreement by willfully failing to deliver the agreed-upon settlement payments within the required 21-business-day period after Plaintiff fully performed all conditions in Section 4, by applying excessive supplemental tax withholding rates contrary to the express terms of the agreement, by failing to make required 401(k) contributions, by failing to issue the required IRS Form 1099-MISC, and by failing to provide a signed receipt for returned company property.

These breaches constitute continuing discriminatory and retaliatory conduct against Plaintiff, who is now without income after LMCO terminated her long-term disability benefits.

1

## II.    FACTUAL BACKGROUND

On or about March 27, 2025, Plaintiff filed this action alleging disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act and Virginia Human Rights Act, as well as age discrimination under the ADEA and VHRA. The parties entered into the Settlement Agreement to resolve the remaining disability and retaliation claims (the age claims having been dismissed with prejudice). The Settlement Agreement is a binding contract that this Court has the authority, and the duty, to enforce. *See, Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540 (4th Cir. 2002) (district courts possess inherent authority to enforce settlement agreements).

The Settlement Agreement, executed by Plaintiff on February 3, 2026 and by LMCO on February 4, 2026, expressly provides in **Section 2** for the following consideration:

i.    A total gross Settlement Payment of **$175,000**, allocated as:

- **$43,750** (W-2 wage portion for alleged lost back pay/front pay), less only *applicable payroll/tax withholdings* (to be treated as ordinary wages);

- **$131,250** (non-wage portion for physical injury and emotional distress), to be paid by check made payable to Plaintiff with an IRS Form 1099-MISC issued to Plaintiff; and

ii.    Payment for **358 hours of accrued paid time off (PTO)** in accordance with LMCO's policies, subject only to applicable payroll/tax withholdings.

**Section 4(a)** of the Settlement Agreement unambiguously states that "the settlement payments ... will be sent within **twenty-one (21) business days** after the latest of" the following conditions being met: (1) receipt of the signed Agreement; (2) receipt of Plaintiff's executed W-

2

9; (3) dismissal of the Lawsuit with prejudice; (4) receipt of Plaintiff's resignation; and (5) return of all LMCO property.

Plaintiff fully and timely satisfied **every** condition in Section 4. Plaintiff provided her W-9, executed and returned the resignation letter (Exhibit A to the Settlement Agreement), returned all LMCO property (including one HP Elite Book laptop and two Dell monitors) on February 11, 2026, and completed all other obligations by **March 1, 2026**. Accordingly, all payments were due no later than approximately **March 22, 2026** (21 business days after March 1, 2026). LMCO has never disputed that Plaintiff performed her obligations.

LMCO has willfully and materially breached the Settlement Agreement in the following respects:

i.  **Payment One (PTO – 358 hours)**: Plaintiff received a PTO payment with a gross amount of **$20,838.35**, but LMCO applied an excessive **supplemental tax withholding rate of 46% totaling of $9,516.76 of total taxes withheld therefore yielding a net income to Plaintiff of $11,263.26,** instead of the ordinary wage rate of approximately **22%** required by the agreement and applicable payroll rules. No 401(k) contribution was made to Plaintiff's Empower account as previously authorized and directed.

ii.  **Payment Two (W-2 back-pay portion – $43,750)**: LMCO withheld taxes at an excessive **supplemental rate of 48% totaling $21,064.22 of taxes withheld therefore yielding a net income to Plaintiff of $22,685.78**, instead of the ordinary wage rate of approximately **22%**. Again, no 401(k) contribution was made for the entire "forced time off" period.

3

iii. **Total Excessive Taxes Withheld.** LMCO has excessively **withheld total taxes of $30,580.98** from Plaintiff on $64,585.35 of total payments made to date

iv. **Payment Three (non-wage/emotional distress – $131,250)**: This payment has **never been received** as of the date of this filing. No IRS Form 1099-MISC has been issued (or promised) for tax year 2026.

v. **Signed receipt for returned property**: Despite returning all property on February 11, 2026, LMCO has never provided the signed receipt required by Section 8 and Section 4(a)(5).

Plaintiff has no other source of income. LMCO terminated her long-term disability benefits after the Settlement Agreement, leaving her without wages or benefits. The excessive supplemental tax withholdings and non-payment have caused immediate and ongoing financial hardship.

LMCO's willful delinquency and refusal to honor the clear terms of the Settlement Agreement, despite repeated written demands from Plaintiff and her former counsel, constitutes continuing discriminatory and retaliatory behavior. This is consistent with LMCO's original refusal to accommodate Plaintiff's disability, its failure to engage in the interactive process, and its pattern of foreclosing alternative employment opportunities.

### III. <u>LEGAL ARGUMENT</u>

A settlement agreement is a contract. Once approved and entered, the Court may enforce it through specific performance, including ordering the breaching party to make the agreed payments, correct improper withholdings, issue required tax forms, and provide the agreed documentation. *See Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981). No

4

genuine dispute exists as to the material terms or Plaintiff's full performance. LMCO's breaches are clear, willful, and ongoing.

The excessive supplemental tax rates (46% and 48%) directly contradict the Settlement Agreement's explicit requirement that the $43,750 portion be treated as W-2 wages "less applicable payroll/tax withholdings" and that the PTO payment follow "Employer's policies." The $131,250 portion was expressly designated as non-wage damages to be paid with a Form 1099-MISC and with no taxes withheld at source. LMCO's actions also violate its obligation under Section 2(b) to process the PTO payment properly.

Because LMCO's conduct is willful, in bad faith, and a continuation of the very discriminatory and retaliatory practices that gave rise to this lawsuit, the Court should enforce the Settlement Agreement and consider appropriate sanctions, including interest on the overdue amounts and reimbursement of any costs Plaintiff incurs in enforcing this motion.

## IV.    **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Grant this Motion and enter an Order enforcing the Settlement Agreement;

2. Direct LMCO, within five **(5) days** of the Order, to:

    i.    Pay the full **$131,250** non-wage portion by check made payable to Plaintiff; and sent with signature required receipt by Plaintiff upon delivery

    ii.   Recompute and reissue the PTO and $43,750 W-2 payments using the ordinary wage tax rate of approximately 22% (or refund the appropriate excess withholdings from the approximately $9,516.76+ on PTO and $2,064.22+ on the W-2 portion) that were excessively taxed and withheld;

iii. Make the required 401(k) contributions to Plaintiff's Empower account for both the PTO and back-pay periods;

iv. Issue the IRS Form 1099-MISC for the $131,250 non-wage portion; and

v. Provide a signed receipt confirming return of all company property on February 11, 2026;

3. Award Plaintiff prejudgment interest on all overdue amounts at the legal rate from March 22, 2026 until paid;

4. Grant such other and further relief as this Court deems just and proper, including any sanctions for LMCO's willful, discriminatory, and retaliatory breach.

5. A proposed Order is attached for the Court's convenience.

Dated: March 30, 2026

Respectfully submitted,

Pamela E. Fagan
401 12th Street South, Apartment 2116
Arlington, Virginia 22202
Telephone: (202) 555-1212
Email: pamela.fagan@yahoo.com

310-272-6395

6

## CERTIFICATE OF SERVICE

I, Pamela E. Fagan, hereby certify that on March 30, 2026, a true copy of the foregoing Motion

was served via U.S. Mail and email upon:

J. Douglas Brown III
Director & Associate General Counsel
Lockheed Martin Corporation
5600 Sand Lake
Road Orlando, FL 32819
douglas.brown@lmco.com

Bernard G. Dennis III
Jackson Lewis P.C.
11790 Sunrise Valley Drive Suite 400
Reston, VA 20191
Direct: (703) 483-8378 | Main: (703) 483-8300 | Mobile: (703) 282-5912
Bernard.Dennis@jacksonlewis.com
www.jacksonlewis.com

Pamela E. Fagan
401 12th Street South, Apartment 2116
Arlington, Virginia 22202
Telephone: (202) 555-1212
Email: pamela.fagan@yahoo.com

310-272-6395

7